IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LIBERTY WIGGINS, | § | |
| | § | No. 382, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. N1807015953 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 8, 2021
Decided: March 5, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Liberty Wiggins, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Wiggins's opening brief that his appeal is without merit. We agree and affirm.

(2) On January 14, 2019, Wiggins pleaded guilty to fourth-degree rape involving a victim who was less than sixteen years old. On May 10, 2019, following a presentence investigation, the Superior Court sentenced Wiggins to ten years of imprisonment, suspended after eighteen months for nine years of Level IV work release, suspended after six months for one year of Level III probation. His sentence also prohibited Wiggins from

having contact with any minor under eighteen years of age, other than his own children, and required him to register as a Tier 3 sex offender. Wiggins filed a motion for modification or reduction of sentence, and on June 4, 2020, the Superior Court modified the Level IV work release portion of the sentence to Level IV DOC discretion.

(3) On July 14, 2020, a probation officer filed a VOP report. The report stated that Wiggins was released from the Level IV Plummer Community Corrections Center to begin Level III probation, which included GPS monitoring because of his status as a Tier 3 sex offender. The report alleged that on July 6, 2020, Wiggins allowed the battery of his GPS monitor to fully deplete, in violation of the conditions of his probation. The report also alleged that a member of the community reported observing Wiggins in the presence of minor children on July 10, 11, and 12, 2020, and that GPS records confirmed that Wiggins had been present at the reported location on those dates. The report further alleged that on July 12, 2020, probation officers observed Wiggins at the reported location while four children were also there.

(4) At a VOP hearing on October 19, 2019, the Superior Court found Wiggins in violation of probation and imposed a VOP sentence of eight years of imprisonment, suspended after successful completion of the Level V Transitions Sex Offender Program for eighteen months of Level IV DOC discretion, suspended after six months for twelve months of Level III probation with GPS monitoring. Wiggins has appealed from his VOP sentence. On appeal, he argues that he believed that he was permitted to be in the location where he was observed in the presence of the minor children; his probation supervision should have been transferred to Kent County where he had more support; he was not aware

2

that the battery of GPS monitor had depleted; and the Transitions program is not currently available because of the COVID-19 pandemic.

(5)     After careful consideration, we find no merit to Wiggins's appeal. As an initial matter, we note that the rules of this Court direct the appellant to order a transcript and to include in his appendix those portions of the record that are relevant to any claims on appeal. Wiggins "had the burden to produce such portions of the transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and all evidence relevant to the challenged finding or conclusion."[1] The record in this case reflects that, despite a letter from this Court informing him of the procedure for doing so, Wiggins made no effort to obtain a transcript or to apply for preparation of a transcript at the State's expense. The lack of a transcript precludes this Court from determining whether Wiggins contested the violation at the VOP hearing or only sought a lesser sentence than he received.[2]

(6)     In any event, Wiggins does not assert that he did not have contact with children, as prohibited by his sentence order and conditions of probation. Nor does he claim that the battery of the GPS monitor was not depleted. Rather, he argues that he should have received a lesser sentence. This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within

---

[1] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (internal quotations omitted).
[2] *See Henderson v. State*, 2020 WL 4668999 (Del. Aug. 7, 2020) (affirming the Superior Court's judgment in an appeal from a violation of probation proceeding because appellant's failure to provide transcript precluded review of whether he contested the VOP at the hearing or whether the evidence of the violation was sufficient).

statutory limits.[3]  Once Wiggins committed a VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[4]  The record does not reflect, and Wiggins does not allege, that the VOP sentence exceeded statutory limits or the Level V time that was previously suspended.  Moreover, the Department of Correction's suspension of programs because of the COVID-19 pandemic does not provide a basis for reversal of a VOP sentence.[5]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] 11 *Del. C.* § 4334(c).
[5] *See Lewis v. State*, 2020 WL 6037846 (Del. Oct. 12, 2020) (affirming VOP sentence despite suspension of programs in response to pandemic).

4